UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH P.,

                Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-5411-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[1] He has a high school diploma and additional training

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

in special effects makeup, and has worked as a novelty store assistant manager, night club door manager, pizza delivery driver, pet store clerk, and nursery security/laborer. (AR 214.)

Plaintiff applied for DIB and SSI in May and December 2015, respectively. (AR 18, 173-76.) Those applications were denied and Plaintiff timely requested a hearing. (AR 100-02, 105-09.)

On September 21, 2017, ALJ Allen G. Erickson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 38-78.) On April 2, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 7, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since November 5, 2014, the alleged onset date. (AR 21.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bipolar disorder and post-traumatic stress disorder. (AR 21-23.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 23-25.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing work at all exertional levels with the following limitations: he can perform work limited to understanding, remembering, and applying short and simple instructions. He can perform work limited to performing routine and predictable tasks that are not in a fast-paced, production-type environment. He can perform work limited to making simple decisions and having exposure to occasional workplace changes. He can have occasional interaction with the general public. (AR 25.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as a horticultural worker II. (AR 30.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 30-31.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony; and (2)

assessing certain medical evidence and opinions.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony on the grounds that his allegations were inconsistent with the objective medical evidence, and were undermined by his inconsistent treatment and medication non-compliance. (AR 26-27.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the ALJ's summary of the objective medical evidence, treatment, and medication non-compliance mischaracterizes the record and/or fails to account for the evidence showing that Plaintiff's inconsistent treatment and medication non-compliance resulted from his mental impairments. The record contains many references to Plaintiff's inability to appreciate the extent of his mental illness or the steps needed to address it, specifically medication. (*See, e.g.*, AR 53-57 (Plaintiff's hearing testimony describing his beliefs regarding medication), 393-94 (describing delusions of grandeur and Plaintiff's unwillingness to follow through with a psychiatric evaluation or referral), 424 (Plaintiff described as "grandiose" and unwilling to follow through on psychological help needed), 438 (note from his involuntary psychiatric hospitalization indicating that Plaintiff "could be considered for voluntary treatment only if he acknowledges having a mental illness and he is willing to take medications as prescribed"), 465 (refusing medications while involuntarily hospitalized), 473 (Plaintiff "focus[ed]

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 11 at 16-17. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

on his desire to manage his own medication times" while involuntary hospitalized), 501-04 (Plaintiff's father's description of Plaintiff's deteriorating mental health and long-term medication non-compliance prior to the March 2015 hospitalization), 830 (Plaintiff reports he stopped taking medications after his hospitalization ended).)

The record also documents two inpatient involuntary psychiatric hospitalizations, which the ALJ downplays as "significant mental health episodes," which required police intervention and took weeks to resolve. (AR 399, 435, 627-29, 634, 641-44, 758-63.) These were particularly severe events, but they were accompanied by ongoing mental symptoms during the remainder of the adjudicated period. (*See, e.g.*, AR 393-434, 826-29, 848-49.) Although the ALJ suggested that the record showed that Plaintiff's "level of functioning is not as fully limiting as alleged" (AR 26), the ALJ did not cite any evidence showing this and, on the contrary, the record corroborates Plaintiff's reports of substantial difficulty functioning, in that he was homeless for much of the adjudicated period and living in a tent or in his car, could not always cooperate with therapy or even leave his tent every day, had difficulty sleeping, experienced appetite loss and excessive crying, and had 1-2 panic attacks per week. (*See, e.g.*, AR 67, 599, 602, 610, 826, 849, 851.)

Even if, as the ALJ noted, Plaintiff reported in 2014 that his manic episodes typically occurred only every 3-5 years (AR 27), the record shows that Plaintiff's cycling began occurring more frequently during the adjudicated period. (*See, e.g.*, AR 70 (Plaintiff's hearing testimony that his mood swings seem "to be ramping up as the years go by"), 773 (Plaintiff's report in December 2015 that he more frequently cycled between baseline and mania now), 830 (Plaintiff's report in December 2015 describing the time period between his manic episodes as shortening over the years), 855 (Plaintiff's September 2016 report that he had experienced a manic episode 3-4 months earlier).) The ALJ acknowledged that there were no records to corroborate Plaintiff's

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

report of a manic episode in June or July 2016, but given that Plaintiff only sporadically participated in treatment, it is unsurprising that this manic episode was not documented by a medical professional. (AR 27.)

For all of these reasons, the Court finds that the ALJ's reasons for discounting Plaintiff's testimony about his mental limitations are not convincing. The ALJ's summary of the objective medical evidence pertaining to Plaintiff's mental health does not account for the severity of Plaintiff's symptoms (both when manic and not), the reasons for his lack of treatment and medication compliance, and the undisputed difficulties in his functioning. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record. We conclude that his approach and conclusions do not fully account for the nature of CFS and its symptoms.").

Although Plaintiff asks for a remand for a finding of disability, he has provided no analysis on this issue and thus failed to show that such an extraordinary remedy is warranted under the circumstances of this case. *See* Dkt. 10 at 17. Accordingly, the Court finds that a remand for further proceedings is appropriate. *See Leon v. Berryhill*, 880 F.3d 1044 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.") Because the ALJ cited the longitudinal medical record in assessing the medical opinion evidence (AR 27-29), but must reconsider the medical record in the context of Plaintiff's allegations on remand, the Court need not address Plaintiff's assignments of error with regard to the medical opinion evidence at this time.

///

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall reconsider Plaintiff's subjective testimony, reconsider the medical opinion evidence as necessary (explicitly assessing the May 2015 opinion of Peggy Duquette, MHP, LMHC, MA, as well), and reconsider any other portion of the decision if warranted.

DATED this 11th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge